**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOSE CASTRO-CRUZ,**
         **Petitioner,**

   **v.**                                              **CIVIL NO. 1:26-CV-62**
                                                            **(KLEEH)**
**ACTING DIRECTOR, UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,**

         **Respondents.**

## ORDER TRANSFERRING VENUE TO THE WESTERN DISTRICT OF PENNSYLVANIA

On May 28, 2026, Petitioner Jose Castro Cruz, through his next friend Stacey Richards, filed a *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.* ECF No. 1. Thereafter, on June 2, 2026, Petitioner filed an Amended Petition [ECF No. 3] and a *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petition Pending Disposition of Petition* [ECF No. 4]. The Respondents Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS"); Todd Blanche, Acting United States Attorney General; and John Rife, Field Office Director for ICE in Philadelphia ("Respondents") filed their *Response to Amended Petition and Motion* [ECF No. 22] on June 22, 2026, asking the Court to dismiss the petition for lack of jurisdiction or transfer the action to the United States District Court for the Western District of Pennsylvania. The Court convened for a jurisdictional hearing on June 25, 2026, to take up

argument regarding Habeas jurisdiction and venue.[1] For the reasons stated herein, the Court **FINDS** it does not have jurisdiction over this matter and accordingly **TRANSFERS** this civil action to the **Western District of Pennsylvania.**

## I.   BACKGROUND

Petitioner Cruz was arrested by ICE on May 28, 2026, at the Don Patron Mexican Grill in Bridgeport, West Virginia. ECF No. 3. The encounter with ICE or DHS officers occurred at approximately 10:50 A.M. John C. Foster Decl., ECF No. 22-1 at ¶ 7. Petitioner was thereafter transported to the ICE field office in Pittsburgh, Pennsylvania beginning at approximately 12:00 PM, arriving at the facility at approximately 1:50 PM. Id. at ¶¶ 8-9. There are no dedicated ICE facilities for long-term detention in the Northern District of West Virginia. Id. at ¶ 10. The same day, Petitioner was transported to the Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania, and arrived at approximately 10:09 PM. Id. at ¶ 13. Petitioner remains in custody at MVPC. Id.

On May 28, 2026, the day of Petitioner's arrest, Attorney Jonathan Sidney filed Petitioner's § 2241 Habeas Petition at 5:37 PM. Sidney decl., ECF No. 29-1. Mr. Sidney learned of Petitioner's arrest from Stacey Richards at approximately 4:00 PM. Id. at ¶ 3. Mr. Sidney understood that Petitioner had been arrested that

---

[1] Petitioner appeared remotely for the hearing with access to a Spanish-speaking interpreter.

afternoon and believed, based on his experience, that Petitioner likely had been transported to Pennsylvania. Id. at ¶ 6. Mr. Sidney did not undertake extensive research to determine Petitioner's location because he had already undertaken "substantial unsuccessful efforts to locate other detainees arrested that day." Id. at ¶ 7. Mr. Sidney called the Pittsburgh ICE field office, approximately 30 minutes before filing the Petition, but the call went unanswered. Id. at ¶ 13. Mr. Sidney averred that he was unaware of Petitioner's location and immediate custodian at the time the subject Petition was filed, and that he did not believe that any additional steps prior to filing would have provided clarity on Petitioner's location or immediate custodian. Id. at ¶ 14.

## II.  LEGAL STANDARD

A writ of habeas corpus may be granted by the district court within its respective jurisdiction. 28 U.S.C. § 2241.

Title 28 U.S.C. § 1631 provides a court with authority to transfer a case for lack of jurisdiction. Specifically, Section 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; see also 28 U.S.C. § 1406(a); Rodriguez-Flores v. Oddo, 2026 WL 801273, at *1 (S.D.W. Va. Mar. 23, 2026).

Similarly, a court "may transfer any civil action to any other district or division where it might have been brought," for the convenience of parties and witnesses. 28 U.S.C. § 1404.

### III. DISCUSSION

Respondents argue this case should be transferred to the Western District of Pennsylvania because Petitioner was not detained in this district at the time his petition was filed and thus contend this Court lacks Habeas jurisdiction over Petitioner. ECF No. 22. Alternatively, Respondents assert the Court should transfer this action pursuant to § 1404(a). Id.

Petitioner's counsel acknowledged during the June 25, 2026 hearing that the Government established Petitioner Cruz was in Pennsylvania at the time the Habeas Petition was filed. However, Petitioner contends the "unknown custodian doctrine" applies because counsel was unable to discover Petitioner's location upon a reasonable inquiry. ECF No. 29. Additionally, Petitioner contends that Respondents have not established transfer under § 1404(a) is permissible or warranted. Id.

Generally, "a habeas petition seeking to challenge present physical custody should be filed 'in the district of confinement' and 'the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2241(a)). "These 'default' district of confinement and immediate custodian rules are not

4

absolute." Reyes v. Mullen, No. 3:26-CV-00467-MR, 2026 WL 1751741, at *2 (W.D.N.C. June 17, 2026)(citing Suri v. Trump, No. 25-1560, 2025 WL 1806692, at *1 (4th Cir. July 1, 2025)). An exception exists when an individual is held in an undisclosed location by an unknown custodian. The unknown custodian doctrine provides that, "if the government moves a detainee from a district and their attorney cannot discover their location with reasonable inquiry, the attorney may file a habeas petition in the detainee's last-known location against their ultimate custodian." Suri, 2025 WL 1806692, at *4. In his concurring opinion in Padilla, Justice Kennedy acknowledged the potential need for the unknown custodian exception in circumstances where "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the government was not forthcoming with respect to the identity of the custodian and the place of detention." Padilla at 454.

Here, Petitioner's counsel filed the subject Habeas Petition approximately an hour and a half after speaking with Petitioner's co-worker/next friend Stacey Richards. ECF No. 29-1. At the time of filing, Petitioner's counsel acknowledged that Petitioner was most likely in Pennsylvania, based upon the timing and location of Petitioner's arrest. Id. Petitioner's counsel contacted an Assistant United States Attorney for the Southern District of West

Virginia at approximately 4:17 PM to try to find a point of contact to ascertain Petitioner's location. Id. No efforts to contact anyone in the Northern District were undertaken. Mr. Sidney further called the Pittsburgh ICE processing facility at 5:07 PM, but the call went unanswered. Id. Based upon unsuccessful prior efforts for other detainees, Mr. Sidney did not undertake further effort to ascertain Mr. Cruz's custodian location before filing the petition. Counsel proffered that he ultimately learned of Petitioner's location Thursday evening, after filing the petition, or on Friday.

Respondents' records reflect that Petitioner was encountered by ICE at approximately 10:50 AM in Bridgeport, West Virginia and ultimately arrived at the ICE processing facility in Pittsburgh, Pennsylvania before 2:00 PM on May 28, 2026. ECF No. 22-1. Petitioner has remained in custody at MVPC since approximately 10:09 PM, the day of his arrest. Id.

Here, the record before the Court supports the straightforward application of § 1631 and Padilla. The record clearly demonstrates that at the time of filing the § 2241 petition that Petitioner was in the Western District of Pennsylvania, and Mr. Sidney knew that was mostly likely the case. Though the unknown custodian doctrine does not require a prolonged period for which a petitioner's location is unknown to counsel, a reasonable inquiry is still required.

The Court takes into consideration more factors than the speed at which Respondents can update the ICE detainee locator[2] or whether the processing facility's phone is answered within eight rings. Here, Mr. Sidney is learned counsel with much experience in these cases. The Court finds that the consideration of whether he made a reasonable inquiry includes the speed at which he filed the petition and what conclusions he could reach based on his experience and the nature of these cases. Here, there are no ICE holding or processing centers in the Northern District of West Virginia.[3] Petitioner's counsel was aware that, at the time of Petitioner's detention, the West Virginia Division of Corrections and Rehabilitation instituted a policy in which it was no longer housing federal civil immigration detainees. This further underscores the more likely and reasonable conclusion that Petitioner would not be detained within this district.

Though Petitioner was arrested in Bridgeport, West Virginia, he was promptly transported to the Western District of Pennsylvania – likely within one hour of his detention. There is no evidence in

---

[2] See Mbabid v. Baker, No. CV MJM-25-3505, 2025 WL 3211024, at *2–3 (D. Md. Nov. 18, 2025)(declining to apply the unknown custodian doctrine and noting that "answers to FAQs posted on ICE's online detainee locator webpage reflect a practice or policy of avoiding real-time public disclosure of a detainee's whereabouts while in transit, for security reasons.").

[3] See Mbabid, 2025 WL 3211024, at *3 (declining to apply the unknown custodian doctrine when ICE does not maintain any detention facilities in Maryland and must transfer detainees out of the district as space becomes available in detention facilities elsewhere).

the instant case that Respondents transported Petitioner for the purpose of forum shopping or any impropriety. Rather, Petitioner was transported to the nearest processing center, in the jurisdiction counsel expected him to be detained. There was no effort by the government to deprive Petitioner's counsel of his location when his petition was filed. The Court is ultimately unpersuaded by Mr. Sidney's futility arguments, when he in fact confirmed Mr. Cruz's location either within hours of filing the petition or the next day. Petitioner was indisputably not in this district at the time the petition was filed.

Thus, "the Court is unable to find that the Government tried to hide the Petitioner's whereabouts from his counsel, moved the Petitioner to evade this Court's jurisdiction or any other facts that would support the application of an exception to the default rules established in Padilla." Gonzalez-Hernandez v. Oddo, No. 2:26-CV-00179, 2026 WL 672754, at *2 (S.D.W. Va. Mar. 10, 2026). See also Mbabid v. Baker, No. CV MJM-25-3505, 2025 WL 3211024 (D. Md. Nov. 18, 2025); Urrea-Calderon v. Noem, Civ. No. DLB-25-3549, ECF 11 (D. Md. Nov. 3, 2025).

Although this Court lacks jurisdiction over the petition, § 2241 provides that the petition may be transferred to a district court with jurisdiction to entertain it. 28 U.S.C. § 2241(b). Additionally, 28 U.S.C. § 1631 provides that when a civil action is filed with a district court that finds it lacks jurisdiction,

8

the court must transfer it to a court where it could have been brought "if it is in the interest of justice[.]" Here, the Court finds, given the issues presented, it is in the interest of justice to transfer the petition to the U.S. District Court for the Western District of Pennsylvania, the district where Petitioner is presently confined.

## IV.   CONCLUSION

For the reasons stated herein, the Court **FINDS** it does not have jurisdiction over this matter. The Court further **DIRECTS** the Clerk of this Court to **TRANSFER** this civil action to the **Western District of Pennsylvania.**

It is so **ORDERED.**

The Clerk is **DIRECTED** to terminate the instant case from the Court's active docket and transfer its file to the Clerk of Court for the United States District Court for the Western District of Pennsylvania. Any motions pending at the time of transfer are carried with the case and will be considered by the transferee Court. The Clerk is further **DIRECTED** to send copies of this Order to counsel of record and all appropriate agencies.

DATED: June 26, 2026

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

9